UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSICA ABBATE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-437-BAJ-RLB** |
| **DAVID CANTRELL, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 13, 2020.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JESSICA ABBATE, ET AL.                                CIVIL ACTION

VERSUS                                                NO. 19-437-BAJ-RLB

DAVID CANTRELL, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 17). None of the defendants filed an opposition within the time allowed by Local Rule 7(f). Nevertheless, the Court provided the Removing Defendants an additional opportunity to file a response on or before April 8, 2020. (R. Doc. 23). No response was filed. Accordingly, the instant Motion to Remand is unopposed.

**I.      Background**

On or about May 14, 2019, Jessica Abbate and Pete Abbate, Jr., individually and on behalf of their minor children A.B. and A.A. (collectively, "Plaintiffs"), initiated this action in the 23rd Judicial District Court, Ascension Parish, Louisiana. (R. Doc. 1-1). Plaintiffs seek recovery for alleged personal injuries resulting from an automobile collision between a vehicle owned and operated by Jessica Abbate and a vehicle operated by David Cantrell ("Cantrell"). (R. Doc. 1-1 at 1). In the Petition, Plaintiff alleges there are residents of the State of Louisiana and Cantrell is a resident of the State of Arkansas. (R. Doc. 1-1 at 1).

On July 5, 2019, Cantrell and Elephant Insurance Company (collectively, the "Removing Defendants") removed the action asserting the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In pertinent part, the Removing Defendants assert that there is complete diversity because the Plaintiffs are citizens of Louisiana, State Farm Mutual

1

Automobile Insurance Company is a citizen of Illinois, Elephant Insurance Company is a citizen of Virginia, and Cantrell is a citizen of Arkansas. (R. Doc. 1 at 2).

On August 23, 2019, the Clerk of Court issued a summons for service on Cantrell as a non-resident motorist. (R. Doc. 9). The summons was returned executed on the Louisiana Secretary of State, as Cantrell's registered agent, on October 29, 2019. (R. Doc. 15).

On February 7, 2020, Plaintiffs filed the instant Motion to Remand. (R. Doc. 17). Plaintiffs argue that while they identified Cantrell as a "resident" of Arkansas in their original Petition, the Removing Defendants have offered no evidence that Cantrell is domiciled in Arkansas for the purposes of establishing diversity jurisdiction. (R. Doc. 17-1 at 1-2).

On February 26, 2020, Plaintiffs filed a Motion for Entry of Preliminary Default, representing that an attempt to serve Cantrell at the Arkansas address on his driver's license was unsuccessful prior to removal, but that both Cantrell and Elephant Insurance Company had been served after removal. (R. Doc. 20).

On February 27, 2020, the Removing Defendants filed an Answer. (R. Doc. 21). The next day, the Clerk's Office denied Motion for Entry of Preliminary Default. (R. Doc. 22).

On April 1, 2020, in light of the lack of any response to Plaintiff's Motion to Remand, the Court ordered the Removing Defendants to file any response to Plaintiff's Motion to Remand on or before April 8, 2020. (R. Doc. 23). The Removing Defendants did not file a timely response or otherwise submit any evidence in support of a finding that Cantrell is a citizen of the State of Arkansas, or any other state than the State of Louisiana, for the purposes of establishing diversity jurisdiction.

2

## II.   Law and Analysis

### A.   Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996) (citation omitted).  "If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties." *Id*. The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. §1447(c).

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*,

841 F.2d 1254, 1259 (5th Cir. 1988).  When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c).  *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).  If, however, the plaintiff makes a good faith challenge to the factual allegations in the removal notice, then the burden is on the removing defendant to prove the existence of the jurisdictional facts. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

"In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury*, 85 F.3d at 249 (citations omitted).  "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Id*.

For an individual, "state citizenship for diversity purposes is regarded as synonymous with domicile." *Id*.  "A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely . . .; or, as some courts articulate it, the absence of any intention to go elsewhere." *Id*. at 250.  "Thus, a person who has the clear intent to change domicile does not accomplish the change until he is physically present in the new location with that intent." *Id*.  "On the other hand, mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent." *Id*.  "In most cases, the difficult issue is not presence but whether the intent to change domicile can be shown." *Id*.

"A person's domicile persists until a new one is acquired or it is clearly abandoned."  *Id*.  "There is a presumption in favor of the continuing domicile which requires the party seeking to

4

show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict." *Id*. While the party attempting to show a change of domicile assumes the burden of persuasion on that issue, the "ultimate burden on the issue of jurisdiction rests with the plaintiff or the party invoking federal jurisdiction." *Id*.

The Fifth Circuit has provided various non-determinative factors in determining a litigant's domicile, and has instructed the district courts to look to all evidence "shedding light on the litigant's intention to establish domicile." *Id*. at 251. "The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id*. "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id*.

### B.  Analysis

Plaintiffs suggest that they identified Cantrell as a "resident" of Arkansas on the original Petition based upon the address on his driver's license. (*See* R. Doc. 17-1 at 3). In light of their pre-removal failure to serve Cantrell at his known residence in Arkansas, Plaintiffs have made a good faith challenge to the assertion in the Notice of Removal that Cantrell is a citizen of the State of Arkansas. Accordingly, the burden shifts to the Removing Defendants to demonstrate that Cantrell is in fact a non-diverse defendant. *See Aetna Cas. & Sur. Co.*, 796 F.2d at 775. The Removing Defendants must show that Cantrell was a non-diverse defendant at the time the action was initiated in state court and at the time of removal. *Coury*, 85 F.3d at 248-49.

The Notice of Removal asserts that Cantrell "is a citizen of the State of Arkansas" without further explanation. (R. Doc. 1 at 2). The Notice of Removal does not identify Cantrell's

5

domicile or otherwise explain the basis for the assertion that he is a citizen of the State of Arkansas. The Removing Defendants, including Cantrell, were provided ample opportunities to present evidence in support of their assertion that Cantrell is a citizen of Arkansas for the purposes of diversity jurisdiction. Despite these opportunities, the Removing Defendants, despite being represented by counsel since the removal of this action, have submitted nothing into the record. In short, the Removing Defendants have provided no evidence supporting their assertion that Cantrell is a citizen of the State of Arkansas, or any state other than the State of Louisiana, for the purposes of establishing complete diversity.

Given the record, the Court finds that the Removing Defendants have failed to meet their burden of establishing complete diversity of citizenship for the purposes of diversity jurisdiction. The Court, therefore, lacks subject matter jurisdiction under 28 U.S.C. § 1332, and remand is appropriate.

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Remand (R. Doc. 17) be **GRANTED**, and the action be **REMANDED** to the 23rd Judicial District Court, Ascension Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on April 13, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

6